United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Steven D'Amico, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-61688-Civ-Scola |
| | ) | |
| Michael Crews, Defendant | ) | |

### Order Denying Motion for Relief from Judgment

    This matter is before the Court on the Petitioner Steven D'Amico's motion to reopen petition for writ of habeas corpus. (Mot., ECF No. 21.) Invoking Federal Rule of Civil Procedure 60(b)(6), D'Amico claims that he untimely filed his habeas corpus petition for 4 reasons: (1) his attorney's lack of diligence; (2) his own poor health; (3) the conduct of staff at the Florida Department of Corrections; (4) his post-traumatic stress disorder. (Mot. ¶¶ 1, 3–8.) D'Amico further claims that his attorney provided ineffective assistance of counsel in preparing his state Rule 3.850 motion, by not raising issues of prosecutorial misconduct, and that he is actually innocent. (*Id.* ¶¶ 2, 8.)

    Federal Rule of Civil Procedure 60(b)(6) contains a catchall provision, providing for relief from a final judgment for any justifiable reason not enumerated in sections (1) through (5). A motion grounded in Rule 60(b)(6) "must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). The Rules do not define the term "reasonable time." However, relief specifically under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Rease v. Harvey*, 376 F. App'x 920, 921 (11th Cir. 2010) (internal citation and quotations omitted). "Under that clause, the party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Id.* (citation omitted). The Court has broad discretion to grant or deny relief under Rule 60(b)(6). *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

    Here, D'Amico waited three years and twenty-four days to file his motion for relief from judgment. Other courts in this Circuit have found three years to constitute an unreasonable time. *Hinds v. United States*, No. CR 08-00135-KD-M, 2016 WL 5477100, at *3 (S.D. Ala. Sept. 27, 2016) (finding three years and eight months not a reasonable time to file a Rule 60(b)(6) motion); *Honeycutt v. United States*, No. 03-20483-CR, 2011 WL 3843941, at *1 (S.D. Fla. Aug. 29, 2011) (Cooke, J.) (finding "nearly" three years not a reasonable time to file a Rule 60(b)(6) motion); *Johnson v. Buss*, No. 05-CIV-23293, 2011 WL 2652157,

at *2 (S.D. Fla. July 6, 2011) (Moreno, J.) (finding three years not a reasonable time to file a Rule 60(b)(6) motion); *Norelus v. Denny's, Inc.*, No. 94-2680-CIV, 2004 WL 1753313, at *7 (S.D. Fla. July 29, 2004), *rev'd on other grounds sub nom. Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230 (11th Cir. 2007) (Lenard, J.) (finding more than three years not a reasonable time to file a Rule 60(b)(6) motion). Further, to the extent that the Court could construe D'Amico's claims as arising under the other specific provisions of Rule 60(b)(1) through (3),[1] the Rule expressly limits those claims to being brought within a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Finally, claims within the scope of provisions (1) through (5) may not be raised under the catch-all provision. *Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 949 (11th Cir. 2016) (internal citation omitted). Thus, the Court finds D'Amico's motion untimely.

The Court also finds D'Amico's motion for relief from judgment simply does not rise to the level of showing "exceptional circumstances" or that "extreme and unexpected hardship will result." *Rease*, 376 F. App'x at 921.

Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** the motion for reconsideration (**ECF No. 21**).

**Done and ordered** in chambers, at Miami, Florida, on July 12, 2017.

Robert N. Scola, Jr.
United States District Judge

---

[1] For example, D'Amico claims that his attorney failed to raise arguments based on prosecutorial misconduct, which could fall under Rule 60(b)(3).